**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name ___WICHELMAN_____THOMAS_____A____
　　　　　(Last)　　　　　　(First)　　　　(Initial)

Prisoner Number ___P-62514___

Institutional Address ___Correctional Training Facility, P. O. Box 705, Soledad, CA 93960-0705___

===============================================

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THOMAS ANTHONY WICHELMAN
_____　　)
(Enter the full name of plaintiff in this action.)　)
　　　　　　　　　　　　　　　　　)
　　　　　　vs.　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　Case No. _CV 08 2105 JSW__
BEN CURRY, Warden, et al　　　)　(To be provided by the clerk of court)
_____　　)
_____　　)　**PETITION FOR A WRIT**
　　　　　　　　　　　　　　　　　)　**OF HABEAS CORPUS**
_____　　)
_____　　)
_____　　)　**E-filing**
(Enter the full name of respondent(s) or jailor in this action)　)

===============================================

Read Comments Carefully Before Filling In

### When and Where to File

　　　You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

　　　If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS　　　- 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14      Riverside Superior Court      Riverside, CA

15        Court                    Location

16          (b)    Case number, if known __SWF 003219__

17          (c)    Date and terms of sentence __03-13-04 26 years/2 months__

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)      Yes _X__    No _____

20              Where?

21              Name of Institution __Correctional Training Facility__

22              Address __P. O. Box 705, Soledad, CA  92960-0705__

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  P.C. § 12022.5 imposition of one-third of maximimum term 10 years

27  instead of one-third of mid-term of four years

28  _____

3. Did you have any of the following?

    Arraignment:                            Yes _____    No __X__

    Preliminary Hearing:               Yes __X__    No _____

    Motion to Suppress:               Yes _____    No __X__

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?              Yes __X__    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                 Yes _____    No __X__

    (b)    Preliminary hearing        Yes __X__    No _____

    (c)    Time of plea               Yes __X__    No _____

    (d)    Trial                       Yes __X__    No _____

    (e)    Sentencing                Yes __X__    No _____

    (f)    Appeal                    Yes __X__    No _____

    (g)    Other post-conviction proceeding    Yes __X__    No _____

8. Did you appeal your conviction?          Yes __X__    No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal             Yes __X__    No _____

            Year: ___2005___    Result: Denied _____

            Supreme Court of California    Yes __X__    No _____

            Year: _2005_    Result: Denied _____

            Any other court             Yes _____    No __X__

            Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1             petition?                Yes _____    No _X___

2       (c)    Was there an opinion?         Yes _____    No _X___

3       (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                        Yes _____    No _X___

5             If you did, give the name of the court and the result:

6             _____

7             _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?         Yes _____    No _X___

10         [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17             questions for each proceeding. Attach extra paper if you need more space.

18             I.    Name of Court: _____

19                  Type of Proceeding: _____

20                  Grounds raised (Be brief but specific):

21                      a._____

22                      b._____

23                      c._____

24                      d._____

25                  Result: _____ Date of Result:_____

26             II.    Name of Court: _____

27                  Type of Proceeding: _____

28                  Grounds raised (Be brief but specific):

1          a._____

2          b._____

3          c._____

4          d._____

5          Result: _____ Date of Result:_____

6     III.   Name of Court: _____

7          Type of Proceeding: _____

8          Grounds raised (Be brief but specific):

9          a._____

10          b._____

11          c._____

12          d._____

13          Result: _____ Date of Result:_____

14     IV.   Name of Court: _____

15          Type of Proceeding: _____

16          Grounds raised (Be brief but specific):

17          a._____

18          b._____

19          c._____

20          d._____

21          Result: _____ Date of Result:_____

22     (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                              Yes _____    No_____

24          Name and location of court: _____.

25   B. GROUNDS FOR RELIEF

26          State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27   support each claim.  For example, what legal right or privilege were you denied?  What happened?

28   Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One:___See attached Memorandum_____

6  _____

7  Supporting Facts:_____

8  _____

9  _____

10  _____

11  Claim Two:_____

12  _____

13  Supporting Facts:_____

14  _____

15  _____

16  _____

17  Claim Three:_____

18  _____

19  Supporting Facts:_____

20  _____

21  _____

22  _____

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4  _____

5  _____

6  _____

7  Do you have an attorney for this petition?                    Yes_____    No_X_

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on __March 27, 2008__

14              Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

## MEMORANDUM OF LAW

This petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) and this court cannot grant the relief petitioner seeks unless the State decisions that are challenged are "contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. section 2254 (d)(1). AEDPA limits the source of clearly established federal law to Supreme Court precedent, including the legal principles that flow from that precedent. Here the controlling United States Supreme Court law is clearly established: The trial court's use of an aggravating factor violated the rule explained in Apprendi v. New Jersey (2000) 530 U.S. 466, entitling a defendant to jury determination of any fact that exposed a defendant to greater punishment than the "maximum" otherwise allowable for the underlying offense. As the facts of this case will show the trial court abandoned the jury finding and imposed his own determination to the facts of the case in order to sentence petitioner to ten (10) years for the 12022.5 enhancement (use of a fire arm) instead of one-third the four (4) year "maximum" allowed. (Exhibit 1, Reporter's Transcript, pp. 790-792.)

Petitioner has exhausted his state court remedies and has given the California Supreme Court an opportunity to address the issues raised in this petition. (Exhibit 2, Supreme Court Habeas Corpus and denial.)

1

I.

### IMPOSING THE UPPER TERM FOR PETITIONER'S CONVICTION VIOLATED PETITIOENR'S RIGHT TO A JURY TRIAL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION

The factors set forth in California Penal Code section 1170 and rule 4.420 clearly violated the Apprendi mandate. The greatest term of imprisonment that may be imposed based solely on the jury's verdict is the middle term. The court may not impose the upper term unless it finds that there are additional aggravating factors, and under Apprendi, those factors cannot be relied upon unless the jury has found them to be true beyond a reasonable doubt.

The fact a statutory scheme permits a judge to impose a higher punishment for an aggravated occurrence of that offense does not have any bearing on the Constitution's Sixth Amendment procedural protections requiring that the facts in aggravation be found beyond a reasonalbe doubt by a jury. This was not done in the instant case when the trial court imposed the upper term for the section 12022.5 enhancement.

Apprendi emphasized that the question of whether a defendent is entitled to due process and jury trial protection is whether a factual finding exposes the defendant to a punishment greater than the one authorized by the verdict. (Apprendi v. New Jersey, supra, 530 U.S. at p. 484, 494, and fn. 19.)

Sentencing decisions typically involve two different kinds of determinations: findings of fact and the exercise of discretion or judgment as to the most appropriate sentence, often based on the findings of fact. Apprendi focuses strickly

2

on the right to a jury determination of facts that expose a defendant to the possibility of a sentence greater than the maximum allowed by the jury's findings. The Apprendi majority has no quarrel with judicial sentencing discretion, provided that jurors have made all the purely factual findings necessary to authorize a maximum sentence.

In petitioner's case, the trial court relied upon its' own findings, dismissing the jury's findings, to impose the upper term for the section 12022.5 enhancement. All by relying on facts that were not considered by the jury or found to be true beyond a reasonable doubt.

Of great significance is the trial court's specific finding that it disagreed with the jury's verdict, and believed petitioner discharged a weapon with the intent to kill. (Exhibit 1, Reporter's Transcript, pp. 790-792.) Thus, as to at least that aggravating factor, petitioner was actually afforded his Sixth Amendment right to a jury finding, and the judge chose to overrule that finding.

## CONCLUSION

For the above articulated reasons the trial court's overruling of a jury finding must, in the interest of justice, be overturned. Petitioner is entitled to have his sentence reduced by 104 months (10 years minus one-third of 4 year mid-term). Therefore, petitioner prays that this court issue a writ of habeas corpus directing the State of California to adjust his sentence accordingly.

3

**VERFICATION**

I, Thomas Anthony Wichelman, hereby declare under penalty of perjury and the laws of the United States, that the foregoing facts are true and correct, and I would testify to the same in a court of law if called upon to do so. Executed this 27th day of March, 2008, at Soledad, California.

Thomas A. Wichelman

4

E X H I B I T

O N E

S145549

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re THOMAS ANTHONY WICHELMAN on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

JAN 3 0 2008

Frederick K. Ohlrich Clerk

Deputy

BAXTER
Acting Chief Justice

MC-275

Name  **THOMAS ANTHONY WICHELMAN**

Address  Calipatria State Prison

7018  Blair Road/P.O. Box 5002

Calipatria, California 92233-5002

CDC or ID Number  P-62514  A-1-131-U

**SUPREME COURT**
**FILED**

AUG **0 3** 2006

Frederick K. Ohlrich Clerk

DEPUTY

## IN THE SUPREME COURT OF CALIFORNIA

*(Court)*

**THOMAS ANTHONY WICHELMAN,**
Petitioner

vs.

**LARRY E. SCRIBNER,  Warden,**
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. **S145549**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS   WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

| | |
|---|---|
| ☐ A conviction | ☐ Parole |
| ☒ A sentence | ☐ Credits |
| ☐ Jail or prison conditions | ☐ Prison discipline |
| ☐ Other (specify): | |

1. Your name: __Thomas Anthony Wichelman__

2. Where are you incarcerated? __Calipatria State Prison, Calipatria, California__

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

__Carjacking, Resisting Arrest, Voluntary Att. Manslaughter, Assault w/Firearm, Unlawful__
__Discharge of Firearm at Occupied Motor Vehicle, Poss of Firearm By Felon, Att. Auto__
__Theft, Evasion w/Reckless Driving, Personal Use of a Firearm, Prison Priors.__

b. Penal or other code sections: __215 (a); 666.5/Veh. Code § 10851;664/192(a);245(a)246;664/Veh. Code__
__§ 10851 (a);Veh. Code § 2800.2;12022.5 and 667.5__

c. Name and location of sentencing or committing court: __Riverside County Superior Court-Southwest Justice__
__Center-30755-D Auld Road, Murrieta, CA 92563__

d. Case number: _____ __SWF 003219__

e. Date convicted or committed: __February 6, 2004__

f. Date sentenced: __March 13, 2004__

g. Length of sentence: __26 years/two months__

h. When do you expect to be released? __June 22, 2025__

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:
__Mr. Jeff Zimel, Esquire, 40119 Murrieta Hot Springs Road, Murrieta, CA 92565__

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

See Attached Petition

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

See Attachjed Petition

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

See Attached Petition

7. Ground 2 or Ground _____ (*if applicable*):

See Attached Petition

a. Supporting facts:

See Attached Petition

b. Supporting cases, rules, or other authority:

See Attached Petition

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes. ☐ No.   If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   California Court of Appeals-Fourth Appellate District-Division II

   b. Result: __Affirmed__                                c. Date of decision: August 23, 2005

   d. Case number or citation of opinion, if known: __E035534__

   e. Issues raised: (1) _____Various_____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal? ☒ Yes. ☐ No.  If yes, state the attorney's name and address, if known:

   Ms. Nancy J. King, Esq., 1400 Sixth Avenue, Suite 210 C, San Diego, CA 92101

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No.   If yes, give the following information:

   a. Result: ___Denied___                                b. Date of decision: November 2, 2005

   c. Case number or citation of opinion, if known: __S137598__

   d. Issues raised: (1) _____Same As Direct Appeal_____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
    explain why the claim was not made on appeal:                N/A

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
       administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975)
       52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
       review.

                                               N/A

    b. Did you seek the highest level of administrative review available?  ☐ Yes. ☒ No.
       *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

      (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

      (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
                    N/A

_____

16. Are you presently represented by counsel? ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes.   ☒ No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    The Sole Issue Has Already Been Decided By This Court And Is Now,Certiorari

    Having Been Granted, Pending Before The U.S. Supreme Court

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: On This ⅟ day of _____ J.A. _____ , 2006.    ▶ × _____
                                           (SIGNATURE OF PETITIONER)

1

<u>DECLARATION OF SERVICE BY U.S. MAIL</u>

2    Case Name:    THOMAS ANTHONY WICHELMAN V. LARRY E. SCRIBNER, WARDEN

Case No.:    _____

3

4         I, the undersigned, declare as follows:

5         I am a prisoner who is incarcerated at Calipatria State Prison. I am
over the age of 18 years and not a party to this matter. My mailing address
6    is: 7018 Blair Road, Calipatria, California 92233-5002.

7         I am "readily familiar" with the prison's operational practice and pro-
cedure(s) for collection and processing of prisoner legal correspondence for
8    mailing with the United State Postal Service. In accordance with that prac-
tice, legal correspondence  by  prisoners are handed to an officer who scans
9    the contents of each envelope(s) before sealing, signing, and dating the en-
velope(s). Thereafter, each envelope is placed in the prison' internal mail
10   "drop box" (or collection system) by the officer for processing and deposit
with the United States Postal Service in the ordinary course of daily prison
11   operations.

12        On This 3/ day of  July    , 20 06 , I served the attached: Petition For
Writ of Habeas Corpus

13

14   on all interested  persons in this matter by placing a true copy thereof en-
closed in a sealed envelope, addressed as follows:Riverside County District
15   Attorney's Office-4075 Main Street, Riverside,CA 92501; and Office of the
Attorney - For the State of California-110 West "A" Street, San Diego, CA
16   92101

17

18

19

20

21        Each envelope was then handed to an officer at the prison, and processed
in accordance with the prison's practice for deposit with the  United States
22   Postal Service.

23        I, <u>Thomas Anthony Wichelman</u>  declare under penalty of perjury under the
laws of the State of California the foregoing is true and  correct, and that
24   this declaration was executed  on This 3 day of  July  , 20 06 , at Calipatria,
California.

25

26                                        x _Tom Wichelman_
                                           Declarant

27                                         CDC No. P-62514

28

THOMAS ANTHONY WICHELMAN
CDC# P-62514  A-1-131-U
Calipatria State Prison
7018 Blair Road
P.O. Box 5002
Calipatria, California 92233-5002

IN THE SUPREME COURT OF CALIFORNIA

THOMAS ANTHONY WICHELMAN,

         Petitioner,

-vs-

LARRY E. SCRIBNER, Warden,

         Respondent.

Case No._____
(Riverside Co. Sup. Ct. No. SWF003219)

PETITION FOR WRIT
OF HABEAS CORPUS

COMES NOW the petitioner, **Thomas Anthony Wichelman**, pursuant to **Cal. Penal Code ("P.C.") § 1473 (a)** and **Cal. Const. Art. I, § 11,** and prays that this court immediately issue a writ of habeas corpus ordering the unconstitutionally imposed sentences vacated and remand the cause to the Riverside County Superior Court, and order petitioner's forthwith appearance, for resentencing and states as follows:

## I. JURISDICTION

1. Citing **P.C. § 1473 (a)** the relevant portion holds: "Every person unlawfully imprisoned of his liberty, under any pretense whatever...may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint." **Id.** (2005 Ed.). A habeas petitioner is required nonetheless to exercise diligence therein presenting his petition when the facts and law supporting the petition become known to him. **In re Harris** (1993) 21 **Cal. Rptr.**2d 373, 384-385. Therefore, this court has jurisdiction to

entertain the foregoing petition.

## II. CUSTODY

2. Petitioner's sentences are unconstitutional pursuant to the abstract of judgment signed by the Honorable Rodney L. Walker, Judge, March 13, 2004, in Riverside County Superior Court Cause No. SWF 003219.

## III. PROCEEDINGS

3. On July 11, 2003 pursuant to a motion filed by the Riverside County District Attorney's Office, Case Numbers SWF003219 and SWF003319 were ordered consolidated. A third Amended Information under the aegis of Cause Number SWF003219 as follows:count I, carjakcing, P.C. § 215 (a); count II, auto theft, P.C. § 666.5 (c) and Vehicle ("Veh") Code § 10851; count III, resisting arrest, P.C. § 148 (a)(1); count IV, attempted murder, P.C. §§ 664/187 (a); count V, attempted murder, P.C. §§ 664/187 (a); count VI and count VII, assault with a firearm, P.C. § 245 (a); count VIII, unlawful discharge of a weapon at an occupied vehicle, ·P.C. § 246; count IX, possession of a firearm by a felon, P.C. § 12021 (a)(1); count X, attempted auto theft, P.C. § 664/ Veh. Code § 10851 (a); and count XI, evasion, with reckless driving, Veh. Code § 2800.2.

4. Attendant to counts IV,V, and VIII, the information alleges petitioner personally and intentionally discharged a firearm causing great bodily injury within the meaning of P.C. §§ 1192.7 (c)(8) and 12022.53 (d). Attendant to counts

-2-

VI and VII, it was likewise alleged petitioner personally used a firearm within the meaning of **P.C. 12022.5.** Finally, the information alleged petitioner had served three prior prison terms within the meaning of P.C. § 667.5 (b)(1).

5. On January 27, 2004, petitioner admitted the alleged prior convictions. A jury trial commenced. On February 6, 2004 the jury returned the following verdicts: As to counts I, III, and VI,VII,VIII, IX,X and XI the jury returned a verdict of guilty. Count II, a not guilty verdict was returned. As to counts IV and V the jury returned verdicts of guilty as to lesser-included offenses of attempted voluntary manslaughter. The jury found all the gun use allegations pursuant to P.C. § 12022.5 to be true. However, fount not true, the allegation pursuants to P.C. §§ 1192.7 (c)(8) and 12022.53 (d).

6. On March 13, 2004, petitioner appeared before the Honorable Rodney L. Walker, Judge for sentencing. The court imposed an aggregate total term of 26 years/two months as follows: The court selected count IV as the principal count, (attempted voluntary manslaugher P.C. §§ 664/192(a)), imposing the upper term of five years and six months. The attendant to that count, imposed the upper term of ten (10) years, for personal use of a firearm in violation of P.C. § 12022.5. As to count V, the court imposed one year, one-third the mid-term, plus an additional three years and four months, which is one-third the upper term for the attendant P.C.

-3-

§ 12022.5 enhancement as to this count. The enhancements as to counts IV and V were ordered to run consecutive to each other. The sentences on counts VI, VII and VIII were ordered stayed pursuant to P.C. § 654. As to count I, the court imposed one-year and eight months, which is one-third the mid-term. A consecutive eight months, one-third the mid-term was ordered served as to count IX. A consecutive eight months, one-third the mid-term was ordered served for count X. A consecutive eight months term, one-third the mid-term was imposed as to count XI. Timely notice of appeal was filed.

7. Therein an unpublished opinion rendered August 23, 2005, the Court of Appeals of California-Fourth Appellate District-Division II in **People v. Thomas Anthony Wichelman**, **No. E035534** affirmed the judgments of the trial court. Timely petition for review was filed with the California Supreme Court. On November 2, 2005, the Supreme Court denied review without comment. **See People v. Thomas Anthony Whichelman**, **No. S137598.**

## IV. GROUNDS FOR RELIEF

8. Petitioner alleges that his sentences are unconstitutional and should be set aside in habeas corpus for the following reasons:

9. THE UNITED STATES SUPREME COURT HAS GRANTED
CERTIORARI IN CUNNINGHAM V. CALIFORNIA (NO.
05-6551) (2006) LEXIS 1136 (FED. 21, 2006)
AS TO THE APPLICATION OF BLAKELY V. WASHINGTON
(2004) 542 U.S. 296 TO CALIFORNIA'S DETERMINATE
SENTENCING LAW. REQUEST THAT THIS COURT HOLD
THE FOREGOING PETITION IN ABEYANCE PENDING
DISPOSITION OF CUNNINGHAM V. CALIFORNIA.

## V. NO OTHER REMEDY AT LAW

10. This petition is essential to obtain a remedy.

Petitioner has no other remedy or means·at law of obtaining

a review of these unconstitutionally premised sentences.

## VI. PRAYER

**WHEREFORE,** petitioner prays judgment as follows:

1. A writ of habeas corpus issue to the Secretary

of the California Department of Corrections and Rehabilitation

and to petitioner's immediate custodian, Mr. Larry E.

Scribner, Warden of the Calipatria State Prison, directing

petitioner's immediate and forthwith appearance before the

Riverside County Superior Court, whereupon his unconstitutional

sentences, having been vacated by this court, be resentenced;

or

2. Alternatively, this court, at a time and place so

designated, order petitioner's forthwith appearance before

a Referee of the Riverside County Superior Court, and that

the respondent be then and there required to "show case"

by the relief requested by petitioner should not be granted;

and

3. Petitioner, who is indigent and desires the same,

be appointed counsel to represent him henceforth throughout

these proceedings.

Executed This 3/15 day of _____July_____ ,2006.

X _Toula Wichelman_
**THOMAS ANTHONY WICHELMAN***
CDC# P-62514    A-1-131-U
Calipatria State Prison
7018 Blair Road
P.O. Box 5002
Calipatria, California 92233-5002

*Assisted by:
Edward D. Ashford,
Rockville, Maryland

-6-

THOMAS ANTHONY WICHELMAN
CDC# P-62514  A-1-131-U
Calipatria State Prison
7018 Blair Road
P.O. Box 5002

1 | Calipatria, California 92233-5002

2 | IN THE SUPREME COURT OF CALIFORNIA

3 | THOMAS ANTHONY WICHELMAN,

Case No._____

4 | Petitioner,

(Riverside Co. Sup. Ct. No. SWF003219)

5 | MEMORANDUM OF POINTS &
AUTHORITIES IN SUPPORT

6 | -vs- | OF PETITION FOR WRIT OF
HABEAS CORPUS

7 | LARRY E. SCRIBNER, Warden,

8 | Respondent.

9 | I. THE UNITED STATES SUPREME COURT HAS GRANTED
CERTIORARI IN CUNNINGHAM V. CALIFORNIA (No.

10 | 05-6551) (2006) LEXIS 1136(FEB. 21, 2006) AS
TO THE APPLICATION OF BLAKELY V. WASHINGTON

11 | (2005) 542 U.S.296 TO CALIFORNIA'S DETERMINATE
SENTENCING LAW. REQUEST THAT THIS COURT HOLD

12 | THE FOREGOING PETITION IN ABEYANCE PENDING
DISPOSITION OF CUNNINGHAM V. CALIFORNIA .

13 |

14 | The California Court of Appeals-Fourth Appellate

15 | District finding, Blakely v. Washington (2004) 542 U.S. 296

16 | to be applicable to California's Determinate Sentencing

17 | Law, applied the same therein their rulings in People v.

18 | George (4th App. Dist. 2004) 122 Cal.App.4th 419, 424-426

19 | and in People v. Lemus (94th App. Dist. 2004) 122 Cal.App.

20 | 4th 614, 619-622. Under this aegis, petitioner submitted

21 | his direct appeal to the Fourth Appellate District.

22 |

23 | Therein the interim, this court ruled Blakely to be

24 | in applicable to California's Determinate Sentencing Law

25 | in People v. Black (2005) 35 Cal.4th 1238. In turn, in

26 | deciding petitioner's direct appeal, the Fourth Appellate

27 | District denied relief as to this issue. See People v.

28 |

1    **Thomas Anthony Wichelman,** No. E035534 (4th App.Dist. Aug.

2    23, 2005) Slip Op. at 18-19.

3        However, the United States Supreme Court having

4    recently granted certiorari in **Cunningham v. California**

5    **(No. 05-6551),** cert. granted, -U.S.- (2006) LEXIS 1136

6    **(Fed. 21, 2006),** addresses the question as to whether

7    California's Determinate Sentencing Law, by permitting

8    Judge's to impose enhanced sentences based on their

9    determination of facts not found by the jury or admitted

10   by the defendant, violates the Sixth and Fourteenth

11   Amendments, pursuant to **Apprendi v. New Jersey** (2000)

12   530 **U.S.** 466, 490 and Blakely v. Washington (2004) 542

13   U.S. 296.

14

15       As addressed more fully in the **Cunningham** certiorari

16   petition, California law authorizes imposition of an "upper-

17   term" sentence (rather than presumptive "middle-term" as

18   otherwise mandated by **Cal. Penal Code** § 1170 (b)) only if

19   the Judge finds aggravating circumstances over and above

20   the elements of the offense of conviction. P.C. § 1170 (b).

21   Here, in the case at bar, as in **Cunningham,** the court imposed

22   the upper term to count IV as as as the upper term to the

23   attendant personal use of a firearm enhancement to that

24   count. 1/.

25

26   1/. The imposition of 10 years for the P.C. § 12022.5 personal use
     enhancement affected the court's sentencing as to the subordinate
27   personal use of a firearm enhancements imposed reflecting one-third
     the term (Maximum 10 years) three years and four months as opposed
28   to one-third the mid-term or one-year and eight months (mid-term of
     five years).

1    Even under current California law, mere presence of

2 firearms for example, standing alone, is not an aggravating

3 factor warranting imposition of an "upper-term." **People v.**

4 **Alvarado** (1982) 135 Cal.App.3d 1003, 1028; **People v. Key**

5 (1984) 153 Cal.App.3d 888, 891-893.

6    Nonetheless, should **Cunningham** prevail it would announce

7 a "new watershed rule of criminal procedure" implicating the

8 fundamental fairness and accuracy of the proceeding. Subjecting

9 the ruling to retroactive application of **Cunningham** to cases

10 on habeas corpus. **Teague v. Lane** (1989) 489 U.S. 288, 295-307,

11 311-312. This court has long recognized that intervening

12 changes in the law, such as new constitutional or watershed

13

14 rules of criminal procedure announced by the United States

15 Supreme Court justifies a post-appeal [or post-conviction]

16 habeas petition. **In re King** (1970) 3 Cal.3d 226, 279, fn.2.

17 This court should recognize, a favorable ruling decision in

18 **Cunningham** would recognize "full retroactivity as a necessary

19 adjunct to a ruling that the trial court lacked authority

20 to...punish a defendant in the first place," in the manner

21 done so in this case. **United States v. Johnson** (1982) 457 U.S.

22 537, 550.

23    Therefore, this court should hold the foregoing petition

24 in abeyance pending a dispositio by the United States Supreme

25 Court in **Cunningham.**

26

27

28

-3-

1     **WHEREFORE,** petitioner prays this court: (1) hold the

2    foregoing petition in abeyance pending the disposition of

3    **Cunningham v. California** currently before the United States

4    Supreme Court; (2) should **Cunningham**'s disposition be

5    favorable to the petitioner, order the writ remanded back

6    to the Riverside County Superior Court for resentencing

7    of petitioner; or (3) issue an order to "show cause" and

8    appoint counsel to represent petitioner henceforth, as he

9    is indigent and desires the same, throughout these proceedings.

10

11

12    X _Tom Wichelman_
       **THOMAS ANTHONY WICHELMAN\***

13    CDC# P-62514  A-1-131-U
       Calipatria State Prison

14    7018 Blair Road
       P.O. Box 5002

15    Calipatria, California 92233-5002

16    \*Assisted by:
       Edward D. Ashford,

17    Rockville, Maryland

18

19             **D E C L A R A T I O N**

20    I, Thomas Anthony Wichelman, hereby declare and affirm

21    under penalty of perjury in accordance with the provisions

22    of 28 U.S.C. § 1746 (2) on this _31_ day of _July_    ,

23    2006, that the statements and representations made herein

24    are true and correct to the best of my knowledge and belief.

25

26    X _Tom Wichelman_

27    **THOMAS ANTHONY WICHELMAN**
       CDC# P-62514  A-1-131-U

28    Calipatria State Prison
       7018 Blair Road
       P.O. Box 5002
       Calipatria, California 92233-5002

-4-

THOMAS ANTHONY WICHELMAN
CDC# P-62514  A-1-211-L
Calipatria State Prison
7018 Blair Road

1  P.O. Box 5002
Calipatria, California 92233-5002

**RECEIVED**

**JAN 2 9 2007**

2

**CLERK SUPREME COURT**

3                IN THE SUPREME COURT OF CALIFORNIA

4

THOMAS ANTHONY WICHELMAN,        )    No. S145549
                                 )
5                    Petitioner,  )    PETITIONER'S    SUPPLEMENTAL
                                 )    PETITION FOR WRIT OF HABEAS
6   -vs-                          )    CORPUS;  AND  MEMORANDUM  OF
                                 )    POINTS AND AUTHORITIES IN
7                                 )    SUPPORT THEREOF  .
                                 )
8   LARRY E. SCRIBNER, Warden,    )
                                 )
9                    Respondent.  )

10  TO: HONORABLE CHIEF JUSTICE RONALD M. GEORGE AND ASSOCIATE

11  JUSTICES OF THE SUPREME COURT OF CALIFORNIA:

12      COMES  NOW, the  petitioner,  **Thomas  Anthony  Wichelman,**

13  whom, pursuant to **California Penal Code ("P.C.") § 1473 (a)**

14  and **Cal. Const. Art. I, § 11,** and hereby prays that this

15  court issue, immediately, forthwith and without delay, a

16  writ of habeas corpus to the Riverside County Superior

17  Court ordering the upper term and consecutive sentences

18  imposed in **People v. Thomas Anthony Wichelman, Sup. Ct. No.**

19  **SWF003219** be ordered vacated and states as follows:

20                                I.

21                       BACKGROUND SUMMARY

22      On July 11, 2003, the trial court granted a prosecution

23  motion to consolidate case numbers SWF 003219 and SWF 00319

24  **(1 C.T. 166).** Petitioner, thereafter, was charged by a

25  third Amended Information therein Case No. SWF 003219 with

26  the following offenses: count I, carjacking, P.C. § 215

27  (a); count II, Auto Theft With a Prior Conviction, P.C. §

28  666.5 (a), Veh. Code § 10851; count III, Resisting Arrest,

    P.C. § 148 (misdemeanor); counts IV and V, Attempted

1    Murder, P.C. §§ 664/187 (a); counts VI and VII, Assault
2    With a Firearm, P.C. § 245 (a); count VIII, Unlawful
3    Discharge of a Weapon at an Occupied Motor Vehicle, P.C. §
4    246; count IX, Possession of a Firearm By Felon, P.C. §
5    12021 (a)(1); count X, Attempted Auto Theft, P.C. § 664 and
     Veh. Code § 10851 (a); and count XI, Evasion and Reckless
6    Driving, Veh. Code § 2800.2 **(1 C.T. pp. 214-219)**.
7
         Attendant to counts IV, V and VIII the Amended
8    Information alleged petitioner personally and intentionally
9    discharged a Firearm Causing Great Bodily Injury within the
10   meaning of P.C. § 12022.53 (d) and P.C. § 1192.7 (c)(8).
11   Attendant to counts VI and VII the Amended Information
12   alleged petitioner personally used a Firearm within the
13   meaning of P.C. § 12022.5. Finally, the Amended Information
14   alleged petitioner had served three prior prison terms
15   within the meaning of P.C. § 667.5 (b). **(1 C.T. pp.**
16   **215-219)**.
17
         At the commencement of petitioner's jury trial, he
18   admitted the allegation concerning the prior convictions.
19   **(1 C.T. pp.201-202)**. Thereafter, the jury trial proceedings
20   got underway and the jury returned verdicts of guilty as to
21   counts I, III, VI through XI. Petitioner was found not
22   guilty as to count II. As to counts IV and V which had
23   charged attempted murder. The jury found petitioner of a
24   lesser included offense of attempted voluntary manslaughter
25   as to both of these counts. All personal use allegations
26   charged pursuant to P.C. § 12022.5 were found to be "true"
27   by the jury.    All special allegations which alleged use
28

-2-

of a Firearm Causing Great Bodily Injury within the meaning of P.C. § 12022.53 (d) were found "not true" by the jury. **(1 C.T. 275-276; 2 C.T. 276-297).**

At sentencing, the trial court declared count IV to be the principal count imposed the upper term of five years and six months. The court likewise imposed the upper term of 10 years as to the personal use of allegation attendant to count IV. As to count V, the court imposed a term of one-year, which was 1/3 the mid-term, plus an additional 1/3 of the upper term of 3 years/4 months as to the P.C. § 12022.5 enhancement. Count V's attendant enhancement was ordered to run consecutive to that of count IV's attendant enhancement imposed. Sentences on counts VI, VII and VIII were ordered stayed pursuant to P.C. § 654. A sentence of 1/3 the mid-term was ordered to be served consecutively as for count I, which was 1 year/8 months. A consecutive sentence of 1/3 the mid-term was ordered served for count IX. A consecutive sentence of 1/3 the mid-term was ordered served as to count X, which was four months. Finally, the court ordered three separate 1 year sentences imposed for each prison prior. Thus, the petitioner received an aggregate total term of 26 years/2 months as stated thereon his abstract of judgment. **(2 C.T. 365-369).** Thereafter, timely notice of appeal was filed.

Therein an unpublished opinion in **People v. Thomas Anthony Wichelman, No. E035534** The Court of Appeals Fourth Appellate District-Division II on August 23, 2005 affirmed the judgments. Thereafter, timely petition for review was

-3-

filed with this court. On November 2, 2005 this court denied review without comment in **People v. Thomas Anthony Wichelman**, No. S137598.

Raised therein petitione's direct appeal brief was that the (then) recent decision of the United States Supreme Court in **Blakely v. Washington (2004) 543 U.S. 296** as applied to petitioner's determinate sentences imposed pursuant to California's Determinate Sentencing Law (DSL) required that upper term and consecutive sentences imposed by the trial court were required to be vacated. However, the Court of Appeals, in light of this court's decision in **People v. Black (2005) 35 Cal.4th 1238** which held **Blakely** to be inapplicable to California's DSL. Thus, denying the issue on those grounds. **See People v. Thomas Anthony Wichelman, No. E035534 (Slip Op. at pp. 18–19).** Petitioner sought habeas review by this court in light of the United States Supreme Court's grant of certiorari in **Cunningham v. California (Feb. 21, 2006) 126 S.Ct. 1329** which squarely addresses the application of both **Blakely v. Washington** and **Apprendi v. New Jersey (2000) 530 U.S. 466** as those decisions apply to California's DSL and that the petition be held in abeyance pending the disposition of **Cunningham**.

Thus, in light of the United States Supreme Court's decision in **Cunningham** which now holds that both **Blakely** and **Apprendi** apply to California's DSL and further sub silento has overruled this court's decision in **People v. Black** and requires this court to issue a writ of habeas corpus ordering the Riverside County Superior Court to

-4-

1  vacate all upper term imposed sentences and enhancements
   and consecutive sentences.

2

3                              II.

   ## MEMORANDUM OF POINTS AND AUTHORITIES

4
   **THE COURT OF APPEALS WAS REQUIRED TO GRANT RELIEF**
5  **TO PETITIONER'S CLAIMED SENTENCING ERRORS DURING**
   **HIS DIRECT APPEAL AND FAILED TO DO SO IN LIGHT OF**
6  **THIS NOW OVERRULED RULING IN PEOPLE V. BLACK**
   **PURSUANT TO THE UNITED STATES SUPREME COURT'S**
7  **JANUARY 22, 2007 RULING IN CUNNINGHAM V.**
   **CALIFORNIA WHICH NOW REQUIRES THAT BLAKELY V.**
8  **WASHINGTON BE APPLIED TO CALIFORNIA'S DETERMINATE**
   **SENTENCING LAW AND THUS BE APPLIED TO THE UPPER**
9  **TERMS IMPOSED AS TO PETITIONER'S SENTENCES AND**
   **ENHANCEMENT SENTENCES AND CONSECUTIVE SENTENCES BY**
10 **THE RIVERSIDE COUNTY SUPERIOR COURT BE ORDERED**
   **VACATED BY THIS COURT'S ISSUANCE OF A WRIT OF**
11 **HABEAS CORPUS TO THE SUPERIOR COURT OF RIVERSIDE**
   **COUNTY.**

12

13 P.C. § 1170 (b) requires: "When a judgment is to be

14 imposed and the statute specifies three possible terms, **the**

15 **court shall order the imposition of the middle term...."**

16 Id. (2005 Ed.). Conjunctively, **California Rules of Court §**

17 **4.420 (a)** the relevant portion likewise holds: **"(a)** When a

18 sentence of imprisonment is imposed,....,the sentencing

19 judge select the upper, middle or lower term in each count

20 for which the defendant has been convicted,**as provided in**

21 **section 1170 (b) and these rules. The middle term shall be**

22 **selected.....** Id. (2005 Ed.).

23     Prior to the decisions of the United States Supreme

24 Court in **Apprendi** [**v. New Jersey (2000) 530 U.S. 466**],

25 Blakely [**v. Washington (2004) 543 U.S. 296**] and now

26 Cunningham **v. California** as decided January 22, 2007, the

27 latter of which as been decided to squarely apply to

28 California's DSL any factors in aggravation which would

   have otherwise justified the trial Judge's imposition of an

1    "upper term" to any sentence or applicable enhancement was

2    solely in the discretion of the sentencing Judge. Now, on

3    both Sixth and Fourteenth Amendment grounds **Cunningham** as

4    applied to California's DSL mandates that any factors in

5    "aggravation" which warrants the imposition of any upper

6    term to any offense statute or applicable enhancement where

7    a low, middle and upper term is available, save for a jury

8    finding those factors in aggravation the court may not so

9    impose an upper term of imprisonment.

10       As aforementioned, petitioner raised his **Blakely** issue

11   as to it being applied to his upper term and consecutive

12   sentences imposed and was denied by the Court of Appeals

13   **(Slip Op. at pp.18-19)** in light of this court's decision in

14   **People v. Black (2005) 35 Cal.4th 1238** which held **Blakely**

15   to be inapplicable to California's DSL scheme. The Court of

16   Appeals failure to apply a newly declared constitutional

17   rule to criminal cases pending direct review violated the

18   basic terms of constitutional adjudication" as well as this

19   court when it affirmed the same sub silento when it denied

20   review. **Griffith v. Kentucky** (1987) 479 U.S. 312, 322.

21      Because this court's decision in **People v. Black** has

22   now been overruled sub nom by the United States Supreme

23   Court January 22, 2007 in **Cunningham** this court cannot

24   continue to sustain the affirmance of petitioner's sentence

25   by not applying **Blakely** whereupon he presented the same

26   during his direct appeal, and submitted his petition for

27   writ of habeas corpus pending disposition of the issue by

28   the United States Supreme Court in **Cunningham** and to do so

would "violate the basic terms of constitutional adjudidcation." **Griffith**, **Supra Id.** This court must issue a writ of habeas corpus to the Riverside County Superior Court ordering that: (1) all sentences and enhancements where the statute has a low, mid and upper term be **vacated**; (2) that all petitioner's consecutive sentences be likewise ordered **vacated**; and (3) that the petitioner be ordered to serve the **mid-term** as it applies to the **principal term** selected by the court as well as **the mid-term to the attendant enhancement to the principal term**, and **that any applicable subordinate terms not exceed one-third (1/3) the applicable mid-term for each said offense and attendant enhancement** and all consecutive terms ordered stayed.

**WHEREFORE**, petitioner prays that his petition for writ of habeas corpus be granted and he be appointed counsel to represent him henceforth throughout these proceedings.

Respectfully Submitted,

THOMAS ANTHONY WICHELMAN*
CDC# P-62514  A-1-211-L
Calipatria State Prison
7018 Blair Road
P.O. Box 5002
Calipatria, California 92233-5002

*Assisted by:
Edward D. Ashford,
Rockville, Maryland

-7-

THOMAS ANTHONY WICHELMAN
CDC# P-62514    A-1-211-L
Calipatria State Prison
7018 Blair Road
P.O. Box 5002

**1**   Calipatria, California 92233-5002

RECEIVED

JAN 2 9 2007

CLERK SUPREME COURT

**2**

**3**   IN THE SUPREME COURT OF CALIFORNIA

**4**   THOMAS ANTHONY WICHELMAN,                )
                                              )   No. S145549
**5**                      Petitioner,           )
                                              )   PETITIONER'S    MOTION    FOR
**6**                                            )   LEAVE TO FILE A SUPPLEMENTAL
        -vs-                                   )   PETITION FOR WRIT OF HABEAS
**7**                                            )   CORPUS
                                              )
**8**   LARRY E. SCRIBNER, Warden,             )
                                              )
**9**                      Respondent.          )
        _____    )

**10**  TO:  HONORABLE  CHIEF  JUSTICE  RONALD  M.  GEORGE  AND  ALL

**11**  ASSOCIATE JUSTICES OF THE SUPREME COURT OF CALIFORNIA:

**12**      COMES NOW, the petitioner, Thomas Anthony Wichelman,

**13**  pursuant to Cal. R. App. P. 14 (a), and hereby seeks leave

**14**  of this court to file a supplemental petition for writ of

**15**  habeas corpus and states as follows:

**16**      1. On January 22, 2007, the United States Supreme Court

**17**  favorably decided Cunningham v. California (Cert. Granted

**18**  Feb. 21, 2006) 126 S.Ct. 1329 as to the application of

**19**  Blakely v. Washington (2004) 543 U.S. 296 to California's

**20**  Determinate Sentencing Law (DSL); and

**21**      2. Pursuant to Cal. Evid. Code § 452 this court taking

**22**  judicial notice of the aforementioned decision of the

**23**  United States Supreme Court in Cunningham overrules sub nom

**24**  this court's decision in People v. Black (2005) 35 Cal.4th

**25**  1238 which had held Blakely to be inapplicable to

**26**  California's DSL; and

**27**

**28**

3. Pursuant to **Cal. Evid. Code § 452**, this court must take judicial notice of the decision of the Court of Appeals Fourth Appellate District-Division II in **People v. Thomas Anthony Wichelman**, **No.** E035534 decided August 2, 2005 (likewise affirmed sub silento by this court in **People v. Thomas Anthony Wichelman**, **No.** S137598 November 2, 2005) whereupon the Court of Appeals in light of this court's aforementioned decision in **People v. Black** rejected petitioner's contentions that the trial court's imposition of upper and consecutive terms to his DSL sentences violated **Blakely (Slip. Op. at pp. 18-19);** and

4. Thus, because this issue has been settled by the decision of the United States Supreme Court in **Cunningham** and petitioner requested that the instant petition be held in abeyance pending the court's ruling petitioner now seeks leave to submit a supplemental petition for writ of habeas corpus at this time as to why the reasons why the petition must be granted.

**WHEREFORE,** petitioner request that his motion be hereby granted at this time.

Executed This 25 Day Of January 2007.

Respectfully Submitted,

Thomas Anthony Wichelman*
CDC# P-62514   A-1-211-L
Calipatria State Prison
7018 Blair Road
P.O. Box 5002
Calipatria, California 92233-5002

*Assisted by:
Edward D. Ashford,
Rockville, Maryland

E X H I B I T

T W O

1    The Court cannot help but wonder whether it is

2  also prevented from considering item (b)(2), and that is

3  his prior convictions as an adult, and the sustained

4  pattern in juvenile delinquency proceedings are numerous,

5  or of increasing seriousness.

6    He has numerous prior convictions and the

7  ones he has heretofore were much less serious than

8  that.  Nonetheless, although those things are in my

9  mind, the record should be clear, I am not considering

10  them as matters in aggravation, but only as matters of

11  interest and factors that cannot be ignored.  But I will

12  not hold them against the defendant in this particular

13  analysis.

14    Accordingly, it seems to me, that the factors

15  in aggravation far outweigh the factors in mitigation.

16  And none of the factors in aggravation or mitigation are

17  cancelled to the extent the Court believes that the

18  mid-term is appropriate in any of the cases where

19  determinate sentencing is available which is in all cases.

20    Accordingly, it is the judgment and sentence

21  of the Court that probation will be denied.  The

22  defendant will be sentenced to serve the following term

23  in State Prison:

24    The Count 4, the principal term, one-third

25  the -- I'm sorry -- the upper term of 5 years and 6

26  months.

27    As a result of the finding by the jury that

28  the 12022.5 was true, available to me is three, four or

1    10 years.

2         I have taken into account the factors in

3    aggravation and mitigation there as well.  I believe

4    that the discharge of the firearm was not into the

5    ground and intended to scare.  I believe the discharge

6    of the firearm was directly at the cab of the truck and

7    was intended to kill.

8         The jury did not agree with me, but they did

9    agree the gun was fired.  I believe the defendant wasn't

10   completely honest in his testimony in that regard.

11        I believe the defendant thought about using

12   the firearm a long time before he stopped.

13        He knew it was there and it was under the

14   seat he was sitting on.  When he stepped out of the car,

15   the firearm was with him.  It had to be located at some

16   time before he opened the door.

17        He told the driver to stop.  She did.  I

18   believe the reason for telling her to stop was so he

19   could shoot at his pursuers.

20        I note that the weapon was discharged during

21   the middle of the day, on the busy street in Hemet,

22   Stetson Avenue, where there were commercial

23   establishments, dwellings, and people walking and in

24   automobiles, within easy range of the firearm that was

25   discharged.

26        So it was not only the victims themselves

27   that were placed in significant danger, any number of

28   other members of the public were as well.  That shows a

1  high degree of callousness, viciousness, violence and

2  disregard for the safety of others.

3      I can think of no factors in mitigation for

4  the discharge of this firearm whatsoever.  There simply

5  was no reason to do it except to ensure his escape and

6  that is not a factor in mitigation.  Therefore, the

7  upper term of the enhancement appears to be

8  appropriate.  Ten years.

9      Count 1, 15 years and seven months.

10      Count 2, he will serve one-third the mid-term of

11  four years and -- excuse me, Count 5, one-third the

12  mid-term for the same reasons that I have discussed

13  before.  That will be served full and consecutive.

14      The enhancements will also be imposed, one

15  year, 8 months consecutive.

16      Count 9, one-third the mid-term consecutive,

17  eight months.

18      Count 10, one-third the available mid-term,

19  consecutive, 4 months.

20      Count 11, one-third the mid-term, eight

21  months.

22      Total -- I'm sorry, let me go back down.

23      Count 6, one year and no months, plus three

24  years and four months for the enhancement.

25      Count 7, one year, zero months, plus four

26  years, three months for the enhancement.

27      Count 8, one year, eight months.  All imposed,

28  all stayed.

## DECLARATION OF SERVICE BY MAIL

I, Thomas A. Wichelman, declare:

I am a resident of the Correctional Training Facility in Soledad, California; I am over the age of eighteen (18) years; I am a party to the attached action; My address if P. O. Box 705, RA-315L, Soledad, CA 93960-0705; I served the attached documents entitled:

## PETITION FOR WRIT OF HABEAS CORPUS

on the persons/parties specified below by placing a true copy of said documents into a sealed envelope with a  Trust Account Withdrawal form for the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of imate legal mail addressed as follows:

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco,  CA  94102


Office of the Attorney General
Department of Justice
455 Golden Gate Ave., Suite  11000
San Francisco, CA  94102-7004

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above.  I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and I executed this service this 27th     day of  March          , 2008, at the Correctional Training Facility in Soledad, California.

Thomas A. Wichelman